**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

DAVID W. KAZNECKI, individually
and on behalf of all others similarly situated,                    **CLASS ACTION**

    *Plaintiff*,

vs.

URBAN COMPASS, INC.                                          **JURY TRIAL DEMANDED**
a Delaware Corporation,
d/b/a COMPASS,

    *Defendant*.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, David W. Kaznecki (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against Urban Compass, Inc. ("Compass" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder.  In support, Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1.       Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

2.      "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. 64.1200(d).

3.      The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.      In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded

---

[1]      *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

voice." *Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd,*

755 F.3d 1265 (11th Cir. 2014).

## JURISDICTION AND VENUE

6.      This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §

1331 and 47 U.S.C. § 227.

7.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a

substantial part of the events or omissions giving rise to the claims in this case occurred in this

District, including Defendant's transmission of the unlawful and unwanted calls to Plaintiff.

8.      The Court has personal jurisdiction over Defendant because it conducts business in

this state, markets its services within this state, and has availed itself to the jurisdiction of the State

of Florida by placing calls to Plaintiff and Class Members in and from this state.

## PARTIES

9.      Plaintiff's domicile is in Palm Beach County, Florida. Plaintiff is a citizen of the

state of Florida.

10.      Defendant, Compass is a licensed real estate broker, licensed to do business in

several states.  Compass is a Delaware profit Corporation, with offices throughout Florida.

11.      Defendant is in the business of offering in person and "online platforms on which

people or entities that wish (and have the right) to rent, lease, or sublet their properties

("Landlords") or sell their properties ("Sellers") may propose to us property listings ("Listings"),

and people who wish to rent, lease, or sublease ("Renters") or buy ("Buyers") such properties may

search for, obtain information regarding, and potentially complete transactions with respect to,

such properties"

12.     Defendant promotes and markets its services by calling wireless phone users in violation of the TPCA.

13.     Defendant, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

14.     At all times relevant, Plaintiff was a citizen of the State of Florida, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

15.     Defendant is, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

16.     At all times relevant Defendant conducted business in the State of Florida and in Palm Beach County, within this judicial district.

17.     Defendant utilizes telemarketing calls to market and advertise Defendant's business and services, including at least two (2) calls to Plaintiff, on January 2, 2021 and January 3, 2021.

18.     On January 2, 2021 around 11:13 AM, Ben Stafford from Compass, called Plaintiff's cellular telephone number ending in "4600." That call went to voicemail, but Mr. Stafford did not leave a message. Mr, Stafford then sent a text message to Plaintiff's cellular telephone.

19.     On January 3, 2021, around 12:12 PM, "Al", from Compass, called Plaintiff cellular telephone number ending in "4600." The call was a recorded message asking him to return his call to 954-629-7480.

20.     On February 9, 2021 at approximately 8:10 AM, Plaintiff received a call to his cellular telephone and a voicemail message identifying the caller as Denver Brian at Compass Real Estate.

21.     The calls that Plaintiff received from or on behalf of Defendant, resulted in Plaintiff's phone being unavailable to place or receive other calls and depleted the phone's battery. Plaintiff also spent time investigating the source of the calls.

22.     Upon information and belief, Plaintiff received additional telephone calls to his cellular telephone which he believes were made by or on behalf of Defendant.  The telemarketing calls were made to Plaintiff's 4600 Number, and within the time period that is relevant to this action.

23.     At no time did Plaintiff provide Plaintiff's cellular number to Defendant through any medium, nor did Plaintiff consent to receive such unsolicited calls.

24.     Plaintiff has never signed-up for, and has never used, Defendant's services, and has never had any form of business relationship with Defendant.

25.     Plaintiff is the subscriber and sole user of the 4600 Number and is financially responsible for phone service to the 4600 Number, including the cellular costs and data usage incurred as a result of the unlawful calls made to Plaintiff by Defendant.

26.     Additionally, Plaintiff's 4600 Number has been registered on the National Do Not Call Registry since February 7, 2008.

27.     The content of the calls made to Plaintiff and the Class Members show that they were for the purpose of marketing, advertising, and promoting Defendant's business and services to Plaintiff as part of an overall telemarketing strategy.

28.     These calls were not for emergency purposes as defined by 47 U.S.C. §
227(b)(1)(A)(i).

29.     Plaintiff did not provide Defendant or its agents prior express consent to receive
calls, including unsolicited calls, to his cellular telephone, pursuant to 47 U.S.C.

30.     The unsolicited calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

31.     Defendant is and was aware that it is placing unsolicited robocalls to Plaintiff and
other consumers without their prior express consent.

32.     Plaintiff was damaged by Defendant's calls. In addition to using Plaintiff's
residential cellular data, phone storage, and battery life, his privacy was wrongfully invaded, and
Plaintiff has become understandably aggravated with having to deal with the frustration of
repeated, unwanted calls, forcing him to divert attention away from his work and other activities.
Not only did the receipt of the robocalls distract Plaintiff away from his personal activities, Plaintiff
was forced to spend time investigating the source of the calls and who sent them to him. *See
Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is
an injury in fact".… "[A] small injury… is enough for standing purposes").

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this class action under rules 23(a) and 23(b)(2) & (b)(3) of the
Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class
Members" defined as:

> **Do Not Call Registry Class: All persons in the United States who
> from four years prior to the filing of this action (1) were called
> by or on behalf of Defendant; (2) more than one time within any
> 12-month period; (3) where the person's telephone number had
> been listed on the National Do Not Call Registry for at least
> thirty days; (4) for the purpose of selling Defendant's products
> and/or services; and (5) for whom Defendant claims (a) it did
> not obtain prior express written consent, or (b) it obtained prior**

6

> **express written consent in the same manner as Defendant claims
> it supposedly obtained prior express written consent to call the
> Plaintiff.**

34.    Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

35.    This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

36.    **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members.  Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

37.    Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and marketing records.

38.    Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice,

e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

39.     **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

a.   Whether, within the four years prior to the filing of this Complaint, Defendant or its agents called (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member;

b.   How Defendant obtained the numbers of Plaintiff and Class members;

c.   Whether Defendant engaged in telemarketing when it called which are the subject of this lawsuit;

d.   Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

e.   Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

f.   Whether the calls made to Plaintiff and Class Members violate the Do Not Class Registry rules and regulations;

g.   Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

h.   Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

       i.    Whether Plaintiff and the Class are entitled to any other relief.

40.     One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

41.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

42.     Plaintiff and members of the Class each received at least two telephone calls within a twelve month period, advertising the Defendant's real estate broker services, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

43.     **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

44.     **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant

by any member of the Class. The likelihood of the individual members of the Class prosecuting

separate claims is remote. Individualized litigation would also present the potential for varying,

inconsistent or contradictory judgments, and would increase the delay and expense to all parties

and the court system resulting from multiple trials of the same factual issues. In contrast, the

conduct of this matter as a class action presents fewer management difficulties, conserves the

resources of the parties and the court system, and would protect the rights of each member of the

Class. Plaintiff knows of no difficulty to be encountered in the management of this action that

would preclude its maintenance as a class action.

45.     **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to

or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted

under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and

members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and

Class Members as a whole.  Plaintiff seeks injunctive relief on behalf of Class Members on grounds

generally applicable to the entire Class in order to enjoin and prevent Defendant Defendant's

ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights

under the TCPA to statutory damages and to be free from unwanted calls.

**COUNT I**
**VIOLATION OF THE TCPA**
**47 U.S.C. § 227**
**On Behalf of Plaintiff and the Do Not Call Registry Class**

46.     Plaintiff incorporates by reference all of the allegations contained in all of the above

paragraphs 1 through 45 of this Complaint as though fully stated herein.

47.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." [2]

49.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

50.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

51.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf

---

[2].     *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's

conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages

and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for

such violations of 47 C.F.R. § 64.1200.

53.     To the extent Defendant's misconduct is determined to be willful and knowing, the

Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages

recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief

against Defendant, individually and jointly, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor

of the class, against Defendant for:

a.  An order certifying this case as a class action, certifying Plaintiff as representative

of the Class, and designating Plaintiff's attorneys Class counsel;

b.  Statutory damages of $500 per call in violation of the Do Not Call Registry;

c.  Willful damages of $1,500 per call in violation of the Do Not Call Registry;

d.  A declaration that Defendant's practices described herein violate the Telephone

Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

e.  An injunction prohibiting Defendant's from calling telephone numbers assigned to

the National Do Not Call registry without the prior express written consent of the

called party;

f.  Reasonable attorney's fees and costs; and

g.  Such further and other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.


Dated: March 4, 2021                    Respectfully submitted,

                                        */s/ Seth M. Lehrman*
                                        Seth M. Lehrman (FBN 132896)
                                        E-mail: seth@epllc.com
                                        EDWARDS POTTINGER LLC
                                        425 North Andrews Avenue, Suite 2
                                        Fort Lauderdale, FL 33301
                                        Telephone: 954-524-2820
                                        Facsimile: 954-524-2822

                                        Joshua H. Eggnatz (FBN 0067926)
                                        E-Mail: JEggnatz@JusticeEarned.com
                                        EGGNATZ | PASCUCCI
                                        7450 Griffin Road, Suite 230
                                        Davie, FL 33314
                                        Telephone: 954-889-3359
                                        Facsimile: 954-889-5913

                                        *Attorneys for Plaintiff*